[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-13372
Non-Argument Calendar
_____

D.C. Docket No. 5:17-cr-00031-JDW-PRL-3

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GILBERTO ASTUDILLO-CARBAJAL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(October 3, 2019)

Before TJOFLAT, JORDAN, and BRANCH, Circuit Judges.

PER CURIAM:

Gilberto Astudillo-Carbajal appeals his total 204-month sentence for conspiracy to possess with intent to distribute methamphetamine, possession of a firearm in furtherance of a drug-trafficking offense, possession of a firearm by an illegal alien, and illegal re-entry.  He pleaded guilty to each offense without a plea agreement.

Astudillo-Carbajal's only claim on appeal is that the district court erred in denying his motion for a downward departure from the sentencing-guidelines range based on his mental and emotional conditions.[1]  Because the district court understood its authority to grant the requested relief, we lack jurisdiction to review the district court's decision.

## I.

In May 2017, Astudillo-Carbajal was arrested in connection with a Drug Enforcement Agency ("DEA") investigation.  He had been previously arrested for drug-related offenses and removed from the U.S.  A grand jury charged Astudillo-Carbajal with: (1) conspiracy to possess with intent to distribute 500 grams or more of a mixture containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 841(b)(1)(A); (2) possession of a firearm in furtherance of a drug-

---

[1] Astudillo-Carbajal states in his brief that the "trial court erred by denying [his] motion for downward departure *or variance* at [his] sentencing hearing."  (emphasis added).  Because Astudillo-Carbajal failed to develop any argument regarding a variance on appeal, he abandoned the issue.  *See United States v. Woods*, 684 F.3d 1045, 1064 n. 23 (11th Cir.2012).

trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i); (3) possession of a firearm by an alien illegally and unlawfully in the United States, in violation of 18 U.S.C. §§ 922(g)(5)(A) and 924(a)(2); and (4) illegal reentry, in violation of 8 U.S.C. § 1326(a) and (b)(1). Astudillo-Carbajal pleaded guilty without a plea agreement to each crime.

A United States Probation Officer prepared a Presentence Investigation Report ("PSI") containing Astudillo-Carbajal's advisory Guidelines range. Astudillo-Carbajal's base level was 36 under U.S.S.G. § 2D1.1, because the offense involved the equivalent of 42,245 kilograms of marijuana. Because Astudillo-Carbajal's offense involved the importation of methamphetamine or its manufacture from chemicals that he knew were unlawfully imported, his offense level was not subject to an adjustment under U.S.S.G § 3B1.2, and instead was enhanced by two. Astudillo-Carbajal received a three-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a)–(b), bringing his total offense level to 35. His prior criminal history put him in a criminal history category of IV. With a criminal history category of IV and total offense level of 35, the probation officer determined Astudillo-Carbajal's advisory Guidelines range at 235 to 293 months.

According to the PSI, Astudillo-Carbajal did not disclose that he had any history of mental or emotional problems. And the probation officer did not

3

identify any factors that would warrant a departure from the applicable guideline range.

Prior to the sentencing hearing, Astudillo-Carbajal moved for a downward departure for mental health reasons under U.S.S.G § 5H1.3.[2]  At sentencing, Astudillo-Carbajal made several objections to the guidelines range calculation, and the district court ultimately adjusted his criminal history score to a category III, resulting in a guidelines range of 210 to 262 months.  With regard to his motion for a downward departure due to mental health reasons, the district court considered a forensic psychological evaluation of Astudillo-Carbajal by Dr. Valerie McClain. During the hearing, Astudillo-Carbajal's counsel summarized Dr. McClain's report as diagnosing Astudillo-Carbajal with four specific mental issues: "Major depression, [post-traumatic stress disorder ("PTSD")] . . . panic disorder and alcohol abuse."  He went on to explain Dr. McClain's findings in more detail,

---

[2] U.S.S.G. § 5H1.3 in its entirety provides:

> Mental and emotional conditions may be relevant in determining whether a departure is warranted, if such conditions, individually or in combination with other offender characteristics, are present to an unusual degree and distinguish the case from the typical cases covered by the guidelines. *See also* Chapter Five, Part K, Subpart 2 (Other Grounds for Departure).

> In certain cases a downward departure may be appropriate to accomplish a specific treatment purpose. *See* § 5C1.1, Application Note 6.

> Mental and emotional conditions may be relevant in determining the conditions of probation or supervised release; *e.g.*, participation in a mental health program (*see* §§ 5B1.3(d)(5) and 5D1.3(d)(5)).

including that Astudillo-Carbajal suffered from the effects of severe trauma, both physical and emotional, in his youth, that he only received a fourth-grade education, and that he had a "low average" intelligence level.  These mental and emotional issues, Astudillo-Carbajal's counsel submitted, "certainly could be an effect on someone's behavior."  The government, in turn, argued that nothing in the report revealed conditions that "are present to a degree that is unusual or distinguishes this case from other cases."

The district court denied the motion for downward departure. The district court explained its reason for its ruling as follows:

> I find that based on the background of the defendant and the evaluation by Dr. McClain that although he may have mental and emotional conditions, PTSD and alcohol use disorder and major depression, that these conditions even in combination are not present to an unusual degree nor do they distinguish this case from typical cases.
>
> It's not uncommon, in other words, to have a defendant before the court faced with serious felony charges to have depression qualities or conditions of depression.  Certainly alcohol abuse is common.  And even PTSD is not uncommon, particularly when defendants are coming from countries like this defendant where drug cartels are present and there are instances of violence.
>
> I don't believe therefore that Dr. McClain's diagnosis warrants a downward departure.  It will be considered, however, in determining the appropriate sentence; whether at variance with the guidelines or not, I'm not sure.

Having noted that the sentencing guidelines were advisory and not binding, the district court imposed a below-Guidelines sentence of 204 months' imprisonment. This appeal followed.

## II.

We review our subject matter jurisdiction *de novo*. *United States v. Moran*, 778 F.3d 942, 982 (11th Cir. 2015). "This Court lacks jurisdiction to review a district court's discretionary refusal to grant a downward departure, unless the district court incorrectly believed that it lacked the authority to depart from the guideline range." *Id.* We assume that the sentencing court properly understood its authority absent a record indication to the contrary. *Id.* This assumption can be defeated if the court specifically stated it believed it was unauthorized to issue the requested departure. *United States v. Fairman*, 947 F.2d 1479, 1481 (11th Cir. 1991).

Here, the district court did not express a belief that it lacked authority to depart downward from the guidelines. To the contrary, the court recognized that the sentencing guidelines "although an important consideration, are advisory." Accordingly, we lack jurisdiction to review the district court's discretionary refusal to deny Astudillo-Carbajal's motion for a downward departure. *Moran*, 778 F.3d at 982. We affirm his sentence.

**AFFIRMED.**

6